## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAJA TALLURI** and **GAYATHRI TALLURI** | * * | **CIVIL ACTION NO.:** |
| **VERSUS** | * * * | **JUDGE** |
| | * | **MAGISTRATE JUDGE** |
| **AIG PROPERTY CASUALTY COMPANY** | * * | **JURY DEMAND** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes complainants, Raja Talluri and Gayathri Talluri (hereinafter "Complainants"), and file their Complaint for Damages against defendant, AIG Property Casualty Company (hereinafter "AIG"), respectfully averring as follows:

### I. PARTIES

1. Made Plaintiff herein is **RAJA TALLURI**, an adult resident of the Parish of Lafourche, Louisiana.

2. Made Plaintiff herein is **GAYATHRI TALLURI**, an adult resident of the Parish of Lafourche, Louisiana.

3. Made Defendant herein is **AIG PROPERTY CASUALTY COMPANY**, a corporate insurer, that is a citizen of the State of Illinois, as it is a corporation incorporated under the laws of Illinois and its principal place of business is in Illinois, as who is authorized to do and is doing business in the State of Louisiana and the Parish of Lafourche, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants reside in this District and the property that is subject to the dispute between Complainants and AIG is located in this District.

## III.  RELEVANT FACTS

6. At all times relevant hereto, Complainants owned the property located at 100 Nichols Drive, Thibodaux, Louisiana 70301 (the "Property");

7. At all times relevant hereto, AIG provided a policy of insurance, number H3F-298-398409-40 (the "Policy"), to Complainants, which covered the Property against perils including hurricanes and provided the following coverages: $9,482,724.00 for Dwelling (Guaranteed Rebuilding Cost); $1,369,544.00 for Other Structures (Guaranteed Rebuilding Cost); $4,741,363.00 for Contents Coverage (Replacement Cost); and Unlimited for Additional Living Expenses; *inter alia*.

8. On or around August 29, 2021, Hurricane Ida caused significant damages to Complainants' Property.

9. Complainants promptly reported the loss to AIG, who assigned it claim number 046752782-01 (the "Ida Claim").

10. Due to the severity of the storm and lack of utilities in the area, Complainants incurred additional living expenses/loss of use damages.

11. As soon as practicable, Complainants took steps to mitigate the damages to their home at their expense to the best of their ability under the circumstances.

12. Specifically, on or about September 5, 2021, Complainants immediately requested approval from AIG for a wrap of the Property's roof in the amount of $86,404.00 to mitigate the roof leaks. The same day, AIG approved. Despite AIG's approval, payment for the wrap was not issued until October 26, 2021.

13. On or about October 5, 2021, AIG dispatched an adjuster to the Property, and he documented $911,187.27 RCV in damages to the Property, but after over-depreciating the loss and applying the Policy's $50,000.00 deductible, the adjuster allowed Complainants only $754,783.65 for their substantial and covered losses.

14. AIG's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

15. Complainants were unable to make meaningful repairs to the Property with the meager proceeds allowed by AIG.

16. Complainants were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

17. On or about September 3, 2021, Precision Construction and Roofing ("Precision") inspected the Property's roof and documented extensive damages to the roof caused by severe winds, including thousands of missing tiles. Precision documented $2,251,869.19 for the roof.

18. On or about September 9, 2021, ATA Loss Consulting ("ATA") inspected the Property on behalf of Complainants and created an estimate of damages documenting $6,713,922.27 RCV in damages to the dwelling.

19. On or around September 27, 2021, a demand for the release of unconditional tenders was sent to AIG, along with the Precision estimate, wrap invoice, and supporting photographs, for damages to the roof.

20. On or around November 11, 2021, a demand for the release of unconditional tenders was sent to AIG, along with the ATA estimate and supporting photographs.

21. These submissions constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

22. In the interim, on October 5, 2021, AIG dispatched Richard Harb of H&A Consulting International ("H&A") and Heath Blumberg of JS Held ("JS Held") to inspect the Property. JS Held found $359,479.21 in damages to the Property's roof.

23. On or around October 26, 2021, AIG issued a roof payment in the amount of $309,479.21.

24. Later, on or around December 6, 2021, over thirty days after AIG's inspection of the Property, AIG released a supplemental payment in the amount of $445,304.44 for interior damages.

25. On or around December 1, 2021, undersigned counsel, on behalf of Complainants, submitted a demand to AIG explaining that JS Held estimated for a roof tile that was not like kind and quality to Complainants original roof tile. Specifically, the tile was heavier, longer, wider and a different color and profile.

26. AIG immediately rejected Complainants' demand, stating that AIG's chosen replacement tile would not only be like kind and quality to the existing tile but would provide superior protection. In doing so, AIG simultaneously admitted that its chosen roof tile was heavier and advised it was "researching other similar available tiles."

27. Thereafter, on or around January 9, 2022, AIG released another roof payment in the amount of $366,710.78.

28. The proceeds tendered by AIG have been wholly inadequate.

29. On or around February 16, 2022, AIG invoked appraisal, naming John Critch of EFI as its appraiser.

30. On or around March 3, 2022, Plaintiffs responded to AIG's invocation of appraisal, naming Luke Irwin of Irwin and Associates as their appraiser.

31. On or around October 13, 2022, an executed appraisal award was issued, totaling $12,671,012.26 RCV in damages to the Property.

32. Thereafter, AIG made partial payments pursuant to the appraisal award, totaling $10,449,185.30.

33. As a result of AIG's failure to timely and adequately compensate Complainants for their substantial losses, the Property remains in a state of disrepair.

34. Upon information and belief, AIG's failure to timely and adequately compensate Complainants for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

35. Upon information and belief, AIG purposely and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

36. Upon information and belief, AIG conducted the investigation and claims handling for Complainants' claim in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

37. Upon information and belief, AIG manipulated its pricing software to artificially suppress the cost of repairs below market value.

38. Complainants have incurred or will incur additional expenses in repairing the Property as a result of AIG's failure to timely compensate them for their substantial and covered losses.

39. Complainants have incurred or will incur additional living expenses as a result of the damages caused to their Property by Hurricane Ida, including those additional living expenses that will be incurred during the repair of the Property.

### III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

40. Complainants reallege and re-aver the allegations contained in the proceeding paragraphs, as if restated herein.

41. An insurance contract, the Policy, exists between Complainants and AIG.

42. The Policy provides coverages for perils including hurricanes.

43. Despite having received satisfactory proof of loss for damages caused by Hurricane Ida, AIG failed to timely tender adequate insurance proceeds as required by the Policy.

44. By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of AIG's inspection, AIG breached the Policy.

45. By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the ATA estimate and supporting photographs and

Complainants' documented additional living expenses and personal property AIG breached the Policy.

46. By purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy, AIG breached the Policy.

47. By failing to conduct the claims handling for Complainants' Ida Claim in good faith and with fair dealing, AIG breached the Policy.

48. By manipulating its pricing software to artificially suppress the cost of repairs below market value, AIG breached the Policy.

49. Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

### B. Bad Faith

50. Complainants reallege and re-aver the allegations contained in the proceeding paragraphs, above, as if restated herein.

51. The actions and/or inactions of AIG in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making AIG liable for statutory bad faith penalties.

52. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

53. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is

arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

54. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

55. AIG is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with their Ida Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Precision and ATA.

56. AIG's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

57. AIG's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

58. AIG's failure to pay timely for damages it knew, or should have known, existed at the time it received the Precision estimate and ATA estimate and supporting photographs and documented additional living expenses was in bad faith.

59. AIG's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

60. AIG's handling of Complainants' Ida Claim was in bad faith.

### IV.  DAMAGES

61. Complainants reallege and re-aver the allegations contained in proceeding paragraphs, above, as if restated herein.

**62.** As a result of AIG's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair costs;

   c. Reimbursement for personal repairs at the Property;

   d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

   e. Additional living expenses;

   f. Mental anguish;

   g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

   h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## JURY DEMAND

**63.** Complainants request a trial by jury.

**WHEREFORE,** Complainants, Raja Talluri and Gayathri Talluri, pray that, Defendant, AIG Property Casualty Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainants, Raja Talluri and Gayathri Talluri, and against Defendant, AIG Property Casualty Company, in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

        **RESPECTFULLY SUBMITTED:**

        */s/ Mary K. Taliancich*
Galen M. Hair, La. Bar. No. 32865
Mary K. Taliancich, La. Bar No. 39357
Shay F. Jaume, La. Bar No. 39922
Rene C. Gautreaux, La. Bar No. 25060
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hairshunnarah.com
mary@insuranceclaimhq.com
shay@hairshunnarah.com
gautreaux@hairshunnarah.com

**PLEASE SERVE:**

**AIG Property Casualty Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809.