**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RAJA TALLURI ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-377** |
| **AIG PROPERTY CASUALTY COMPANY** | **SECTION I** |

## <u>ORDER & REASONS</u>

Before the Court is a motion[1] for reconsideration of this Court's April 30, 2024 order and reasons[2] filed by plaintiffs Raja Talluri and Gayathri Talluri ("plaintiffs"). Defendant AIG Property Casualty Company ("defendant" or "AIGPCC") opposes[3] the motion. Plaintiffs filed a reply.[4] For the reasons that follow, the Court grants in part and denies in part plaintiffs' motion for reconsideration.

## I. BACKGROUND

The Court previously set forth at length the factual background of this case, which involves an insurance dispute arising from Hurricane Ida damage to plaintiffs' property.[5] Because the Court assumes the parties' familiarity with that background, the Court need not repeat it here.

On April 30, 2024, the Court issued an order and reasons addressing three motions.[6] Specifically, the Court granted in part and denied in part defendant's

---

[1] R. Doc. No. 52.
[2] R. Doc. No. 51.
[3] R. Doc. No. 61.
[4] R. Doc. No. 67.
[5] R. Doc. No. 51, at 2–10.
[6] R. Doc. No. 51.

motion for summary judgment, denied plaintiffs' motion for partial summary judgment, and granted in part and deferred in part plaintiffs' motion *in limine*.[7]

On May 6, 2024, plaintiffs filed the instant motion for reconsideration, asking the Court to reconsider or alter one portion of its order.[8] Specifically, plaintiffs ask the Court to reconsider the ruling granting defendant's motion for summary judgment "to the extent it seeks dismissal of any bad faith claims based on the November 9, 2022 payment except as it relates to the difference between defendant's final JS Held estimate and plaintiffs' public adjuster estimate."[9]

## II.   STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Accordingly, a motion for reconsideration filed within twenty-eight days of the district court's judgment is recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004). "Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e)." *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 309 (E.D. La. 2020) (Morgan, J.). A motion for reconsideration filed more than twenty-eight

---

[7] *See generally id.*
[8] R. Doc. No. 52.
[9] R. Doc. No. 51, at 31; *see generally* R. Doc. No. 52-1.

days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *See Shepherd*, 372 F.3d at 327 n.1.

Plaintiffs filed this motion to reconsider an interlocutory order within twenty-eight days of this Court's order and reasons.[10] Accordingly, a Rule 59(e) analysis is appropriate. "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

"[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Mandawala v. Baptist School of Health Professions*, No. 23-50258, 2024 WL 1461943, at *5 (5th Cir. 2024) (quoting *Templet*, 367 F.3d at 479). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

---

[10] As noted, the Court issued its order and reasons in the above-captioned matter on April 30, 2024. R. Doc. No. 51. Plaintiffs filed their motion for reconsideration on May 6, 2024. R. Doc. No. 52.

3

*Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quoting *Templet*, 367 F.3d at 479).[11]

### III. ANALYSIS

As explained, plaintiffs argue that the Court should reconsider the portion of its April 30, 2024 order granting defendant's motion for summary judgment "to the extent it seeks dismissal of any bad faith claims based on the November 9, 2022 payment except as it relates to the difference between defendant's final JS Held estimate and plaintiffs' public adjuster estimate."[12] Plaintiffs contend that reconsideration is appropriate for two reasons.[13] First, plaintiffs contend that, "because all damages documented in the appraisal award were readily apparent during [d]efendant's initial inspection of the [p]roperty and thereafter, alteration or amendment of this judgment is necessary to prevent manifest injustice."[14] Second, plaintiffs contend that reconsideration is appropriate because they have presented newly discovered evidence—namely, deposition transcripts which were not available at the time plaintiffs filed their opposition.[15]

---

[11] Although plaintiffs cite Federal Rule of Civil Procedure 59(e) in their motion for reconsideration, *see* R. Doc. No. 52-1, at 2, in reply, they cite Federal Rule of Civil Procedure 52(b). *See* R. Doc. No. 67, at 1–2. Rule 52(b) pertains to motions to amend a court's findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a)(1), (b). The same standard applies to Rule 52(b) motions to amend findings of fact and conclusions of law and Rule 59(e) motions for reconsideration. *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 F. App'x 418, 420 (5th Cir. 2015).
[12] R. Doc. No. 51, at 31; *see generally* R. Doc. No. 52-1.
[13] R. Doc. No. 52-1, at 2.
[14] *Id.*
[15] *Id.*

4

Defendant opposes plaintiffs' motion for reconsideration.[16] Defendant argues that plaintiffs misrepresent the scope of their initial argument and that the Court correctly noted that plaintiffs only opposed defendant's motion for summary judgment as it related to the difference between the two estimates.[17] Defendant also argues that the Court should reject plaintiffs' argument with respect to the newly available deposition transcripts because "[p]laintiffs did not move to continue their opposition deadline or make any argument that they needed deposition transcripts or additional evidence to oppose AIGPCC's motion."[18]

Upon review, the Court agrees with defendant that plaintiffs' motion for reconsideration misrepresents the scope of their argument in opposition to defendant's motion for summary judgment with respect to the November 9, 2022 payment. Plaintiffs' opposition to defendant's motion for summary judgment contains only one paragraph directly opposing defendant's motion for summary judgment with respect to the November 9, 2022 payment.[19] That paragraph is preceded by the heading: "AIGPCC's Fifth Payment of $10,371,703.40 is Untimely as it Relates to the Difference of its Final J.S. Held Estimate and the [public adjuster's] Estimate."[20] In full, the paragraph reads as follows:

> AIGPCC's fifth payment in the amount of $10,371,703.40 is untimely. Specifically, as it relates to the difference of AIGPCC's final J.S. Held estimate, totaling $1,188,462.81, and the [public adjuster's] estimate totaling $6,713,922.27. As stated above and

---

[16] R. Doc. No. 61, at 2.
[17] *Id.* at 1–4.
[18] *Id.* at 5.
[19] R. Doc. No. 41, at 15–16.
[20] *Id.* at 15.

5

>
> in support of Plaintiffs' position, AIGPCC's own adjuster increased AIGPCC's reserve amount after inspecting the Property with [the public adjuster] and Precision [Construction and Roofing] on September 26, 2021. Mr. Dennis White would later testify that his increase in his reserve recommendation was based on the damages he observed during his September 24, 2021, inspection.[21]

Based on the plain language of this paragraph, the Court understood plaintiffs' response to oppose summary judgment as it related to the difference between those two estimates.[22] The Court therefore granted defendant's motion for summary judgment "to the extent it [sought] dismissal of any bad faith claims based on the November 9, 2022 payment except as it relates to the difference between defendant's final JS Held estimate and plaintiffs' public adjuster estimate."[23]

Plaintiffs now suggest that they opposed defendant's motion for summary judgment by arguing that the entire November 9, 2022 payment was untimely.[24] Accordingly, they argue that their motion for reconsideration does not raise a new argument that was previously waived, "but instead a genuine issue of factual error."[25] The language of their paragraph opposing defendant's motion for summary judgment belies this argument. Plaintiffs' opposition explicitly focused only on the difference

---

[21] *Id.* at 15–16.
[22] R. Doc. No. 51, at 25 ("While plaintiffs do not argue that they are entitled to summary judgment on the untimeliness of this payment, plaintiffs nevertheless contend that the payment was untimely as it relates to the difference between defendant's final JS Held estimate totaling $1,188,462.81 and plaintiffs' public adjuster estimate totaling $6,713,922.27. However, plaintiffs do not argue that the payment was untimely as it relates to the difference between plaintiffs' public adjuster estimate and the ultimately higher appraisal award.").
[23] *Id.* at 31.
[24] R. Doc. No. 67, at 2.
[25] *Id.* at 3.

between the two estimates, and plaintiffs have chosen not to offer any explanation for their decision to limit their opposition to that portion of the payment.

"A motion . . . to alter or amend a judgment cannot be used to raise arguments which could, and should, have been made before the judgment issued. Specifically, when a party fails to raise an argument in opposition to a motion for summary judgment and instead raises it for the first time in a motion to alter or amend judgment, that argument is waived." *Gray v. White*, 18 F.4th 463, 469 (5th Cir. 2021) (cleaned up). In drafting their opposition to defendant's motion for summary judgment with respect to the November 9, 2022 payment, plaintiffs could and should have argued that they opposed the motion with respect to the entire payment, not just with respect to a portion of the payment. The Court will not entertain their belated effort to raise this argument for the first time in a motion for reconsideration—while maintaining, contrary to the plain language of their own briefing, that they actually raised it before.

Plaintiffs next argue (again, for the first time) that the public adjuster estimate does not account for the cost of goods at the time of defendant's November 9, 2022 payment.[26] According to plaintiffs, allowing plaintiffs to pursue bad faith damages only as it relates to the difference between the two estimates would represent a "manifest injustice" because the public adjuster estimate relied on a cheaper November 2021 price list, while the appraisal award was based on a more expensive

---

[26] R. Doc. No. 52-1, at 6.

July 2022 price list.[27] To be clear, plaintiffs are not arguing that they should be compensated for their loss based on the July 2022 price list. Indeed, plaintiffs have already been compensated for their loss based on that price list.[28] Instead, plaintiffs contend that it would represent a manifest injustice to permit them to recover bad faith damages only based on the difference between the two estimates (pursuant to their own previous briefing, which did not address this issue) without taking into account differences between the 2021 and 2022 price lists. Plaintiffs cite no authority for this proposition.

Additionally, plaintiffs raise another brand new argument: that defendant received satisfactory proof of loss when Luke Irwin ("Irwin"), plaintiffs' designated appraiser, sent an "initial position" to defendant's appraiser, John Critch ("Critch") during the appraisal process.[29] Plaintiffs' justification for making this argument for the first time on a motion for reconsideration appears to be that a transcript of Irwin's deposition was not available at the time of plaintiffs' deadline to oppose defendant's motion for summary judgment.[30] Plaintiffs attach a declaration from Irwin dated May 6, 2024 and an expert report from Irwin dated February 4, 2024.[31]

---

[27] *Id.* at 6–7.
[28] Defendant issued a payment of over $10 million on November 9, 2022 pursuant to the appraisal award. R. Doc. No. 32-3, at 468–71. As plaintiffs themselves point out, "[t]he appraisal valuation on which the appraisal award is based uses [the] July 2022 price list[.]" R. Doc. No. 52-1, at 6.
[29] R. Doc. No. 52-1, at 7–9.
[30] *Id.* at 2 n.8.
[31] R. Doc. Nos. 52-4, 52-13.

Irwin is plaintiffs' witness, meaning that he was available to plaintiffs to the extent they needed a declaration from him earlier than May 6, and Irwin's expert report was issued two months before plaintiffs' opposition deadline. Accordingly, plaintiffs had a fair opportunity to make this argument to the Court earlier or, at a minimum, request more time to respond to defendant's motion because Irwin's deposition remained outstanding. Instead, plaintiffs' opposition to defendant's motion for summary judgment does not even mention Irwin's name. Plaintiffs offer no explanation for their failure to make this argument earlier or request additional time to respond to the motion for summary judgment. The Court is not required to reconsider its ruling on defendant's motion for summary judgment simply because plaintiffs thought of a new argument and "belatedly came forward with evidence not submitted prior to the ruling." *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993). "Otherwise, the cycle of reconsideration would be never-ending." *Id.*

Likewise, plaintiffs' new argument that defendant failed to meaningfully participate in the appraisal process fails for similar reasons. This argument is based in part on Luke Irwin's deposition, which is dated April 3, 2024, six days before plaintiffs' opposition deadline.[32] It is also based on Irwin's declaration, which—as

---

[32] The Court recognizes that plaintiffs assert the deposition transcript was not available before plaintiffs' deadline. However, plaintiffs could have explained Irwin's testimony to the Court without relying on a completed transcript, just as they did when discussing White's deposition in their opposition. *See* R. Doc. No. 41, at 3 n.2; *id.* at 12 n.25; *id.* at 14 n.53; *id.* at 16 n.59; *id.* at 20 n.80; (explaining White's deposition testimony and noting in footnotes that "the transcript has not yet been obtained").

explained—plaintiffs could have procured earlier. Further, it appears to be based in part on Critch's deposition since plaintiffs assert that Critch testified that "he just did whatever AIGPCC's adjuster told him to do."[33] However, the exhibit that plaintiffs cite to support this statement does not appear to be an excerpt of Critch's deposition.[34] Again, the Court finds no reason to reconsider its ruling on defendant's motion for summary judgment simply because plaintiffs thought of a new argument and "belatedly came forward with evidence not submitted prior to the ruling." *Calpetco 1981*, 989 F.2d at 1415.

Similarly, the Court will not reconsider its ruling based on plaintiffs' newly minted argument that defendant's appraisal was not competent, disinterested, or independent.[35] As explained, plaintiffs' opposition to defendant's motion for summary judgment with respect to the November 9, 2022 payment opposed summary judgment only as it related to a portion of that payment. Plaintiffs could have argued that the entire appraisal award was subject to bad faith damages based on problems with the appraisal process, including their novel argument that Critch "acted on the demands of AIGPCC via Leif Eklund" ("Eklund"), defendant's authorized claim representative.[36] But they did not. Plaintiffs' motion for reconsideration does not even state when Critch's and Eklund's depositions took place. As the Court explained with

---

[33] R. Doc. No. 52-1, at 10–15; *id.* at 9–10.
[34] *See* R. Doc. No. 52-7, at 1 (plaintiffs' Exhibit D wherein the witness—seemingly not Critch, though the excerpted transcript does not contain the witness's name—states: "I provided my comments directly to Mr. Critch and I would have -- it was my -- that was all I was requested to do.").
[35] *See* R. Doc. No. 52-1, at 12–14.
[36] *Id.* at 12.

10

respect to Irwin's deposition, if those depositions occurred before plaintiffs' deadline to oppose the motion for summary judgment, plaintiffs could have summarized the testimony, just as they did with respect to White's deposition testimony.[37] If the depositions were held after this deadline, plaintiffs could have sought an extension in light of the forthcoming evidence or availed themselves of the protections of Federal Rule of Civil Procedure 56(d).[38] The fact of the matter is that plaintiffs only opposed the motion for summary judgment as it related to the difference between the two aforementioned estimates. Accordingly, the Court will not reconsider its ruling in this respect.

Finally, plaintiffs argue that they should be able to pursue bad faith damages with respect to a $77,481.91 payment for generators.[39] The Court previously denied defendants' motion for summary judgment as to plaintiffs' bad faith claims with respect to additional living expenses ("ALE") for the generators.[40] Although plaintiffs did not specifically address this portion of the payment in their paragraph opposing defendant's motion for summary judgment with respect to the November 9, 2022 payment, they did brief the question of whether there was a genuine dispute as to the

---

[37] *See* R. Doc. No. 41, at 3 n.2; *id.* at 12 n.25; *id.* at 14 n.53; *id.* at 16 n.59; *id.* at 20 n.80 (explaining White's deposition testimony and noting in footnotes that "the transcript has not yet been obtained").

[38] This rule provides that, when facts essential to the nonmoving party's opposition to a motion for summary judgment are unavailable to the nonmovant for specified reasons, courts may take various courses of action, including deferring consideration of the motion and allowing time to take discovery before responding.

[39] R. Doc. No. 52-1, at 11.

[40] R. Doc. No. 51, at 16–17.

payment for generators and other items as ALE.[41] Because the parties advised the Court during a telephone status conference held on May 20, 2024 that the payment for generators was issued as part of the November 9, 2022 award which was not included in the difference between the two aforementioned estimates, the Court will amend its order to clarify that plaintiffs may seek bad faith damages with respect to the November 9, 2022 payment as it pertains to the generators.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiffs' motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it requests permission to seek bad faith damages as to the $77,481.91 payment for generators made on November 9, 2022. The motion is **DENIED** in all other respects.

New Orleans, Louisiana, May 20, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. No. 41, at 16–17 (arguing that plaintiffs incurred ALE expenses as it relates to the cost of generators, which were not paid until November 9, 2022).