IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAJA TALLURI and** | * | **CIVIL ACTION NO.: 2:23-cv-00377** |
| **GAYATHRI TALLURI** | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **DONNA PHILLIPS CURRAULT** |
| **AIG PROPERTY CASUALTY** | * | |
| **COMPANY** | * | **JURY DEMAND** |

**************************************************************************

## PLAINTIFFS' BRIEF SYNOPSIS OF CASE

**NOW COME,** through undersigned counsel, Plaintiffs, Raja Talluri and Gayathri Talluri (hereinafter "Plaintiffs") who file their theory of the case and damages requested, pursuant to this Court's order, R. Doc. 60, as follows:

Plaintiffs made a claim under their insurance policy for damage to their house located at 100 Nichols Drive, Thibodaux, LA (the "Property"), which they claim resulted from Hurricane Ida, on or around August 29, 2021. AIGPCC failed to timely and adequately adjust Plaintiffs' claim. Specifically, AIGPCC ignored, without legitimate excuse, the observations, recommendations, and valuations of its own claim professionals and experts, as well as proofs of loss submitted on behalf of Plaintiffs, to intentionally delay and underpay Plaintiffs' claim. It was not until the appraisal process, when the designated umpire awarded Plaintiffs the true value of damages caused by Hurricane Ida, that AIGPCC finally issued adequate payment for the damages over a year after its inspections of the Property. Plaintiffs seek bad faith penalties on untimely prior payments made by AIGPCC both pre-appraisal and post-appraisal. As it relates to pre-appraisal payments, AIGPCC operates under its self-imposed authority (which is unsupported by law) that all pre-appraisal payments were timely because it issued payment within 30 days of directing its estimator to write for damages which it knew or should have known existed from the time of its

own inspections. However, this is not the standard. Allowing an insurer, like AIGPCC, to dictate when and how satisfactory proof of loss is received only frustrates the intent and purpose of Louisiana bad faith statutes. Here, AIGPCC's adjuster directed its third-party administrators when (or when not) to prioritize certain damages over others. AIGPCC does not get to intentionally ignore damages it knows exist, in an effort to stop the statutory clock, only to re-start that clock whenever it chooses, especially after already being in possession of sufficient information to act on the claim. As it relates to post-appraisal payments, AIGPCC attempts to defend its bad faith behavior by claiming that because it issued payment pursuant to the appraisal award, it should not be liable for bad faith damages. This is not accurate nor in accordance with Louisiana law. Accordingly, Plaintiffs seek bad faith penalties under La. Rev. Stat. § 22:1892, which governs claims handling and payment by insurance companies.

**RESPECTFULLY SUBMITTED:**

_/s/ Mary K. Taliancich_
Galen M. Hair, La. Bar. No. 32865
Mary K. Taliancich, La. Bar No. 39357
Shay F. Jaume, La. Bar No. 39922
Rene C. Gautreaux, La. Bar No. 25060
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Rd., W, Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
hair@hstalaw.com
mtali@hstalaw.com
sjaume@hstalaw.com
rgautreaux@hstawlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing on all counsel of record in these proceedings by email, facsimile transmission, electronic court filing system, and/or United States Mail, postage prepaid, this 24th day of May, 2024.

           ___/s/Mary K. Taliancich_____
             Mary K. Taliancich, Esq.