UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAJA TALLURI ET AL.                                    CIVIL ACTION

VERSUS                                                 No. 23-377

AIG PROPERTY CASUALTY                                  SECTION I
COMPANY

### ORDER & REASONS

Several documents are before the Court. The first document is plaintiffs' memorandum in support of their objections to defendant's deposition designations.[1] Defendant has not filed a response to this memorandum. The second document contains defendant's objections to plaintiffs' deposition designations.[2] Plaintiffs have responded to these objections.[3] The third document contains defendant's objections to plaintiffs' exhibits.[4] Plaintiffs have responded to these objections.[5] The fourth document contains plaintiffs' objections to defendant's exhibits.[6] Defendant has responded to these objections.[7]

On this date, the Court held an in-chambers conference with counsel for both parties participating. Pursuant to the discussion at the conference, the Court rules on each objection as follows.

---

[1] R. Doc. No. 64.
[2] R. Doc. No. 66.
[3] R. Doc. No. 78.
[4] R. Doc. No. 86.
[5] R. Doc. No. 94.
[6] R. Doc. No. 87.
[7] R. Doc. No. 95.

## I. DEPOSITION DESIGNATION OBJECTIONS

### a. Plaintiffs' Objections to Defendant's Deposition Designations

Defendant did not file a response to plaintiffs' memorandum regarding their objections to defendant's deposition designations. Accordingly,

**IT IS ORDERED** that plaintiffs' objections are **SUSTAINED** without opposition.

### b. Defendant's Objections to Plaintiffs' Deposition Designations

*i. Depositions of Stephen Trauth and John Critch*

Defendant objects to all plaintiffs' designated testimony with respect to Stephen Trauth's ("Trauth") and John Critch's ("Critch") depositions based on their motion *in limine*.[8] Pursuant to the Court's order granting in part and denying in part defendant's motion *in limine*,[9] the Court advised the parties during the conference that it would not consider such blanket objections.

With respect to Trauth, the parties advised the Court during the conference that Trauth has been subpoenaed and may testify at trial. Accordingly, the deposition designations with respect to Trauth are moot and the Court need not consider the objections to those designations. The Court notes that plaintiffs may nevertheless use Trauth's deposition for impeachment purposes if appropriate.

With respect to Critch, during the conference, the Court permitted defendant to make specific objections to certain deposition designations in light of its ruling that

---

[8] R. Doc. No. 66, at 1–2.
[9] R. Doc. No. 84.

it would not consider such blanket objections.[10] Accordingly, with respect to defendant's objections to Critch's deposition designations,

**IT IS ORDERED** that the objection with respect to 100:7–103:21 is **SUSTAINED** as pertaining to contents.

**IT IS FURTHER ORDERED** that the objection with respect to 110:4–23 is **OVERRULED** for the reasons stated by plaintiffs so long as the witnesses will testify as to the difference between an appraisal estimate and an appraisal position.

**IT IS FURTHER ORDERED** that, pursuant to an agreement by the parties, the objection with respect to 119:2–16 is **OVERRULED**.

*ii. Deposition of Patrick Flaherty as Defendant's Corporate Representative*

With respect to defendant's objections to Patrick Flaherty's ("Flaherty") deposition designations,

**IT IS ORDERED** that the objection with respect to 114:20–22 and 115:3 is **SUSTAINED** as relating to contents.

**IT IS FURTHER ORDERED** that the objection with respect to 115:8–24[11] is **SUSTAINED IN PART**. The objection is dismissed as moot with respect to 115:8–

---

[10] The Court notes that defendant made the blanket objections while its motion *in limine* remained pending before the Court. *See* R. Doc. No. 66 (defendant's objections to plaintiffs' deposition designations, which was docketed on May 16, 2024); R. Doc. No. 63 (defendant's motion *in limine*, which was docketed on May 15, 2024); R. Doc. No. 84 (order and reasons regarding motion *in limine*, which was docketed on May 22, 2024).

[11] The Court notes that, pursuant to defendant's filing, the objection pertained to 115:12–13. However, during the conference, the parties discussed pages 114 and 115 more broadly.

19 because all parties withdrew their designations with respect to these lines. The objection is sustained with respect to 115:20–24 as related to contents.

With respect to 122:3–6, defendant advised the Court that its objection is withdrawn.

With respect to 195:24–25 and 196:1–13, defendant advised the Court that its objection is withdrawn.

With respect to 222:4–10 and 222:15–22, defendant advised the Court that its objection is withdrawn.

With respect to 242:1–4, defendant advised the Court that its objection is withdrawn as this testimony was not designated.

**IT IS FURTHER ORDERED** that the objection with respect to 253:24–25, 254:1–4, and 254:1–4 is **SUSTAINED IN PART** and **OVERRULED IN PART**. The objection is **SUSTAINED** as to 253:24–25 and 254:1–4 because the testimony pertains to contents, which are not at issue. The objection is **OVERRULED** as to 254:11–19 because the umpire's position regarding the JS Held estimate and defendant's corporate representative not knowing the necessary length of time to complete repairs appear to be relevant.

**IT IS FURTHER ORDERED** that the objection with respect to 259:11–14 is **OVERRULED** for the reasons stated by plaintiffs.

**IT IS FURTHER ORDERED** that the objection with respect to 260:9–12 and 260:16–19 is **OVERRULED** for the reasons stated by plaintiffs. The parties advised the Court that the "Roofing Solutions of LA bid" was in the claims file.

With respect to 277:7–16, defendant advised the Court that its objection is withdrawn.

With respect to 277:23–25 and 278:1–3, defendant advised the Court that its objection is withdrawn.

**IT IS FURTHER ORDERED** that the objection with respect to 299:14–18 is **SUSTAINED** pursuant to Federal Rule of Evidence 403. The Court specifically finds that, based on the misstated date, the probative value of this testimony is substantially outweighed by a danger of misleading the jury and confusing the issues.

With respect to 301:13–25, 302:1, and 302:19–23, **IT IS FURTHER ORDERED** that the objections are **SUSTAINED**. The parties have agreed to enter a stipulation regarding the date that the November 9, 2022 payment was made and the amount of that payment as it relates to the difference between the public adjuster and JS Held estimates as well as the generator payment. The parties have also agreed to enter a stipulation regarding the dates of other payments and any other information upon which counsel can agree.[12]

**IT IS FURTHER ORDERED** that the objection with respect to 306:20–25 and 307:1–11 is **SUSTAINED**. The aforementioned stipulation applies to this portion of the transcript as well.

---

[12] Additionally, during the conference, the Court advised the parties that, in light of the inadmissibility of the final two checks, a chart showing the payment amount with respect to the difference between the JS Held estimate and the public adjuster estimate as well as the payment amount for the generators would be appropriate.

With respect to 307:18–21, plaintiffs advised the Court that their designation is withdrawn.

With respect to 308:4–10, plaintiffs advised the Court that their designation is withdrawn.

With respect to 311:1–24, **IT IS FURTHER ORDERED** that the objection is **SUSTAINED IN PART** and **OVERRULED IN PART**. The objection is **SUSTAINED** with respect to 311:1–7 through the word "claim." This is because this portion of the transcript includes information about the appraisal award amount beyond the scope of the trial. However, the objection is **OVERRULED** with respect to 311:7–24 beginning with the words "How much" for the reasons stated by plaintiffs.

With respect to 315:6–21, **IT IS FURTHER ORDERED** that the objection is **OVERRULED** for the reasons stated by plaintiffs.

### *iii. Deposition of Dennis White*

With respect to 29:20–25 and 40:1–3, **IT IS ORDERED** that the objection is **SUSTAINED**, though plaintiffs may use this portion of the deposition for impeachment purposes if appropriate.

With respect to 50:1–17, **IT IS FURTHER ORDERED** that the objection is **OVERRULED** for the reasons stated by plaintiffs.

With respect to 55:14–25 and 56:1–13, **IT IS FURTHER ORDERED** that the objection is **SUSTAINED** because it pertains to reserves.

## II. EXHIBIT OBJECTIONS

### a. Plaintiffs' Objections to Defendant's Exhibits

With respect to the objections to Exhibits 93–95, **IT IS ORDERED** that the objections are **OVERRULED** pursuant to an agreement among the parties.

With respect to Exhibits 96, 99, and 100, defendant advised the Court that these exhibits are withdrawn.

With respect to Exhibits 97, 98, 106, 108, and 110, the parties advised the Court that these exhibits should be admitted pursuant to an agreement among the parties.

With respect to Exhibits 101 and 102, defendant advised the Court that these exhibits are withdrawn.

With respect to Exhibits 103, 104, and 105, plaintiffs advised the Court that their objections to these exhibits are withdrawn.

With respect to Exhibit 107, defendant advised the Court that this exhibit is withdrawn.

With respect to Exhibit 109, defendant advised the Court that this exhibit is withdrawn.

With respect to Exhibits 111 and 112, **IT IS FURTHER ORDERED** that the Court's ruling on these objections is **DEFERRED** until trial.

With respect to Exhibit 113, plaintiffs advised the Court that their objection is withdrawn.

With respect to Exhibit 114, defendant advised the Court that this exhibit is withdrawn.

### b. Defendant's Objections to Plaintiffs' Exhibits

With respect to Exhibits 43 and 44, defendant advised the Court that its objections are withdrawn.

With respect to Exhibit 45, **IT IS ORDERED** that the objection is **OVERRULED** pursuant to an agreement among the parties.

With respect to Exhibit 46, defendant advised the Court that its objection is withdrawn.

With respect to Exhibits 47, 48, and 49, **IT IS FURTHER ORDERED** that the objections are **SUSTAINED**.

With respect to Exhibits 50 and 51, pursuant to an agreement among the parties, **IT IS FURTHER ORDERED** that plaintiffs may rely on these exhibits as it relates to post-trial arguments regarding attorneys' fees. However, these exhibits may not be shown to the jury.

With respect to Exhibit 53, **IT IS FURTHER ORDERED** that the objection is **OVERRULED** except that the parties must redact any information regarding the appraisal award amount and reserve amount.

With respect to Exhibits 52, 54, and 55, defendant clarified during the conference that it does not object to such exhibits.

With respect to Exhibit 56, **IT IS FURTHER ORDERED** that the Court's ruling on this objection is **DEFERRED** until trial. To the extent this exhibit is later admitted, the amounts must be redacted pursuant to this Court's previous orders.

With respect to Exhibit 57, **IT IS FURTHER ORDERED** that the objection is **SUSTAINED**.

With respect to Exhibits 58–72, **IT IS FURTHER ORDERED** that the Court's ruling on these objections is **DEFERRED** until trial.

With respect to Exhibit 73, **IT IS FURTHER ORDERED** that the objection is **SUSTAINED** pursuant to Federal Rule of Evidence 403. The Court specifically finds that the probative value of this document is substantially outweighed by the danger of confusing the issues and misleading the jury. However, plaintiffs may use this report for purposes of cross-examination if appropriate.

With respect to Exhibit 74, **IT IS FURTHER ORDERED** that the Court's ruling on this objection is **DEFERRED** until trial.

With respect to Exhibit 75, **IT IS FURTHER ORDERED** that the Court's ruling on this objection is **DEFERRED** until trial.

With respect to Exhibit 76, defendant did not file an objection to this exhibit in its filing. Accordingly, the Court will take no action as to Exhibit 76.

With respect to Exhibits 77, 78, and 79, the objections are **SUSTAINED**. The Court notes that plaintiffs intend to proffer Exhibits 77 and 79 outside the presence of the jury.

With respect to Exhibit 80, 83, and 90 plaintiffs advised the Court that these exhibits are withdrawn.

With respect to Exhibit 81, **IT IS FURTHER ORDERED** that the Court's ruling on this objection is **DEFERRED** until trial.

With respect to Exhibit 82, defendant advised the Court that this objection is withdrawn.

With respect to Exhibit 84, defendant advised the Court that the objection to this exhibit is withdrawn.

With respect to Exhibit 85, **IT IS FURTHER ORDERED** that the Court's ruling on this objection is **DEFERRED** until trial.

With respect to Exhibits 86–89, **IT IS FURTHER ORDERED** that these objections are **SUSTAINED**.

With respect to Exhibits 91 and 92, **IT IS FURTHER ORDERED** that the Court's ruling on these objections is **DEFERRED** until trial.

With respect to Exhibit 115, **IT IS FURTHER ORDERED** that the Court's ruling on this objection is **DEFERRED** until trial.

### c. Plaintiffs' Objections to Defendant's Demonstrative Exhibits

With respect to plaintiffs' objections to defendant's demonstrative exhibits, the Court has not reviewed the demonstrative exhibits, but it appears that plaintiffs' objections are meritless. A limiting instruction will be issued if requested.

New Orleans, Louisiana, May 29, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**